UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN HRBAL,

    Plaintiff,

v.

J NELSON CONSTRUCTION LLC,

    Defendant.

Case No.

Hon.

---

Noah S. Hurwitz (P74063)
Grant M. Vlahopoulos (P85633)
Kara F. Krause (P85487)
*Attorneys for Plaintiffs*
614 Detroit St. STE 125
Ann Arbor, MI  48104
(844) 487-9489
Noah@hurwitzlaw.com
Grant@hurwitzlaw.com

---

## COMPLAINT AND JURY DEMAND

Plaintiff Sean Hrbal, by and through his attorneys, HURWITZ LAW PLLC, hereby alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Sean Hrbal (herein after referred to as "Plaintiff") is an individual residing in the City of Franklin, Tennessee.

2. J Nelson Construction LLC (herein after referred to as "Defendant") is

a remodeling construction company headquartered at 10717 Oak St., Taylor, Michigan.

3. This Court has general federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff brings his claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

4. For the state causes of action, supplemental jurisdiction is appropriate under 28 U.S.C. § 1367.

5. Venue is proper in this Court because Defendants obligated themselves to Plaintiff within the Eastern District of Michigan and Defendants' registered business address is located within the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. In June 2018, Plaintiff was hired by Defendant for his services as an "independent contractor."

7. This constituted a misclassification for a number of reasons.

8. Defendant dictated specifically what it wanted Plaintiff to do in the performance of his job duties, consistent with the treatment of an employee—not an independent contractor.

9. Plaintiff overall lacked control of his work conditions.

10. For example, Plaintiff had no control of his job assignments or locations.

11. Plaintiff came to work at the provided location, punched a time clock, and was paid an hourly wage.

12. Plaintiff received the job with no previous construction experience, meaning the Defendant trained him on how to perform every aspect of the job.

13. Defendant provided Plaintiff with all the necessary knowledge and tools that allowed him to unload materials off the trailer, set up cut stations, cut materials, and clean the site daily.

14. Plaintiff made no decision as to the scope of his work.

15. Plaintiff did not have his own business entity.

16. Plaintiff's duties were consistent with those of an employee as defined in 26 CFR § 31.3401(c)-1(b), § 31.3121(d) – 1(c)(2), § 31.3306(I) – 1(b).

17. Defendant controlled and trained Plaintiff on the means and methods in which he performed his job duties.

18. To determine whether a worker is an employee under the FLSA, courts embrace the "economic reality" test, which considers six factors:

    a. the permanency of the relationship between the parties;

    b. the degree of skill required for the rendering of the services;

    c. the worker's investment in equipment or materials for the task;

    d. the worker's opportunity for profit or loss, depending upon her skill;

  e. the degree of the employer's right to control the manner in which the work is performed; and

  f. whether the service rendered is an integral part of the employer's business.

19. Plaintiff's employment relationship with Defendants was permanent.

20. Plaintiff possessed no special skillset prior to his employment with Defendant.

21. Plaintiff did not invest in equipment or materials for his tasks.

22. Plaintiff had no opportunity for profit or loss depending upon his skill.

23. Defendants significantly directed and controlled the way Plaintiff performed work.

24. The services rendered by Plaintiff were an integral part of Defendant's business.

**COUNT I**
**VIOLATION OF FAIR LABOR STANDARDS ACT**
**(INDEPENDENT CONTRACTOR MISCLASSIFICATION)**

25. Plaintiff hereby realleges and incorporates all previously stated allegations.

26. Plaintiff was employed as an "Independent Contractor" by Defendants.

27. Plaintiff worked diligently for Defendants outside of normal business hours, including on nights and weekends.

28. The work performed by Plaintiff rendered him eligible for overtime.

29. Plaintiff was injured and needed medical attention due to his work for Defendant.

30. Due to his independent contractor status, he did not have medical insurance to cover all his hospital bills.

31. And due to not being eligible for worker's compensation benefits, Plaintiff was deprived income for when he missed work due to a workplace injury.

32. Defendants' conduct was willful and in bad faith.

33. At all times relevant to this action, Plaintiff was Defendant's employee within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

34. At all times relevant to this action, Defendant was Plaintiff's employer within the meaning of the FLSA.

35. Defendants' knowing and willful failure to properly pay time-and-a-half for hours worked more than forty (40) in a week to Plaintiff based on his misclassification as an "independent contractor" violates the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 et seq.

36. As a result of Defendants' unlawful acts, Plaintiff was deprived of earned wages.

37. Defendants' knowing and willful failure to properly pay worker's compensation to Plaintiff based on his misclassification as an "independent contractor" violates the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 et seq.

38. As a result of Defendant's unlawful acts, Plaintiff was deprived of worker's compensation for his on-sight injury and was forced to pay for out of pocket expenses.

39. Under the FLSA, Defendant is liable for any and all damages owed to Plaintiff.

WHEREFORE, Plaintiff is entitled to compensation for lost wages, medical bills, unpaid overtime wages, lost benefits, liquidated damages, interest, attorneys' fees and costs, and any other remedies available at law or in equity.

## COUNT II
### FAILURE TO PROVIDE PERSONNEL FILE PURSUANT TO BULLARD-PLAWECKI EMPLOYEE RIGHT TO KNOW ACT

40. Plaintiff hereby realleges and incorporates by reference all previously stated allegations.

41. The "Bullard-Plawecki Employee Right to Know Act," MCL 423.501 et seq. ["Right to Know Act"], in relevant part, grants an employee the right to receive a copy of his or her personnel records.

42. Plaintiff's counsel made a written request for Plaintiff's personnel records in a letter dated October 25, 2021. The letter was delivered through undersigned counsel.

43. However, to date, the personnel records have not been furnished, nor any reason or communication advanced for the refusal.

44. Defendants have therefore violated the Right to Know Act by willfully and knowingly refusing to send Plaintiff's counsel a copy of his personnel records.

45. Defendants' willful violation of the Right to Know Act has damaged Plaintiff as described herein and below, and entitles Plaintiff to injunctive relief, $200 plus actual damages, costs, and reasonable attorney fees.

## RELIEF REQUESTED

46. For the foregoing reasons, Plaintiff demands judgment against Defendants as follows:

    a. Declare the practices and actions of Defendants as illegal under the FLSA;

    b. Award compensatory damages for monetary and non-monetary loss in whatever amount he is found to be entitled, including back and front pay, compensation for overtime hours, medical bills, economic damages, non-economic damages, punitive damages, and any other damages available by law;

    c. Award liquidated damages pursuant to the FLSA;

d. An award of interest, costs, and reasonable attorneys' fees; and

e. Whatever other relief this Court finds appropriate.

                  Respectfully submitted,

                  /s/ *Noah S. Hurwitz*
                  Noah S. Hurwitz (P74063)
                  HURWITZ LAW PLLC
                  Attorneys for Plaintiff
                  617 Detroit St., Suite 125
                  Ann Arbor, MI 48104
                  (844) 847-9489
                  Noah@hurwitzlaw.com

Dated March 4, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN HRBAL,

    Plaintiff,                                  Case No.

                                             Hon.

v.

J NELSON CONSTRUCTION LLC,

    Defendant.

---

Noah S. Hurwitz (P74063)
Grant M. Vlahopoulos (P85633)
Kara F. Krause (P85487)
*Attorneys for Plaintiffs*
614 Detroit St. STE 125
Ann Arbor, MI 48104
(844) 487-9489
Noah@hurwitzlaw.com
Grant@hurwitzlaw.com

---

## **DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff Sean Hrbal, by and through his attorneys, HURWITZ LAW PLLC, demands a jury trial for all issues so triable.

                                                    Respectfully Submitted,

                                                    /s/ *Noah S. Hurwitz*
                                                    Noah S. Hurwitz (P74063)
                                                    HURWITZ LAW PLLC
                                                    Attorneys for Plaintiff
                                                    617 Detroit St., Suite 125
                                                    Ann Arbor, MI 48104
                                                    (844) 847-9489
                                                    Noah@hurwitzlaw.com

Dated: March 4, 2022